FREDERICK S. GARNER, Respondent, v. A. FISHER
BREWING COMPANY, Appellant.

PRINCIPAL AND AGENT.—REPRESENTATIONS.—AUTHORITY.—If a person conducting a business represents that he is the agent of another, with the other's knowledge and acquiescence, the latter will be liable for indebtedness incurred in such business to third parties dealing with the agent in good faith upon such representations.

ID.—AUTHORITY.—QUESTION FOR THE JURY.—Where the evidence is conflicting, but there is evidence tending to show that a saloon was conducted by plaintiff's employer, as manager in the name of the defendant with the latters knowledge and without objection, so as to indicate to the world that he is simply manager and agent for the defendant, and evidence also tending to prove that the plaintiff relied upon such representations, *held* that the existence of such agency was a question for the jury and their verdict will not be disturbed.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Mr. E. M. Allison, Jr.,* for the plaintiff.

*Mr. James N. Kimball* for the respondent.

ZANE, C. J.

This is an appeal from a judgment of the district court against the A. Fisher Brewing Company, for the sum of $190.20. It appears from the evidence of the record that about April 1, 1885, one J. W. Browning negotiated the purchase of a saloon owned by Livingston & Co. in Ogden City, Utah, for the sum of $750; that the appellant advanced $300 of the amount, and to secure the same, took the bill of sale from the company to itself; that this bill of sale was to be transferred to Browning when he should pay the sum secured; that immediately thereafter Browning took actual possession, and placed a sign on the saloon

as follows: "Depot of the A. Fisher Brewing Co., J. W. Browning, Manager,"— and under the name continued the business until June 23, 1886, when A. Fisher, on behalf of the appellant, took possession of the saloon and charge of the business, and dismissed Browning, and put one Whetstone in as manager; that, immediately after Browning commenced business, he employed plaintiff as bar-tender at $50 per month; that the latter continued as such bartender until June 23, 1886; that during the time of his employment the respondent's wages were paid from time to time out of the proceeds of the business, but that there was a balance due when Browning was turned out, for which the judgment appealed from was rendered. It also appears that Browning, during the time he was nominal manager for appellant, had letter-heads printed as follows: "Depot of A. Fisher Brewing Company, Ogden," and used them in his correspondence with the appellant and others; that the brewery was at Salt Lake, where Fisher resided, but that he visited the saloon in Ogden two or three times per month, and saw the sign at such times, and that he knew that the United States and city licenses were taken out in the name of A. Fisher Brewing Company. The respondent testified that, "The first time Fisher came to the saloon after Browning became manager, he said, Well, Fred, I see you are working for me, selling Fisher beer.' I said, 'Yes.' He then said: 'If you do as well for me as you did for old George Bruesch, I will be satisfied.'" Fisher testified that he said, "Hello, Fred! now you are selling Fisher beer," and that he did not say, "I see you are at work for me, and I hope you will do as well for me as you did for Bruesch," or that in substance. At the time Whetstone was made manager, respondent testified that he asked Fisher about the balance due him, and that Fisher then said: "I will see you paid; I want you to keep right on as you have done. I will raise your wages to $2 per day." J. W. Browning testified that the business was conducted in the name of the A. Fisher Brewing Company. The respondent also testified that he did not know on what terms Browning was conducting the business until after he was put out.

There is evidence supporting the view that Browning conducted the business, with the knowledge of the appellant and without objection, so as to indicate to the world that he was simply the manager and agent of the appellant, and that the appellant was the actual proprietor of the saloon, and responsible for the indebtedness incurred in carrying it on, and also tending to prove that respondent was led to believe that such was the fact. If a person, in conducting a business, represents that he is the agent of another, with the other's knowledge and acquiescence, the latter will be liable for indebtedness incurred in such business to a third party dealing with the agent in good faith upon such representations. Such representations may be made by signs on the business house, or by advertisements or correspondence, or other representations, verbal or written. Nevertheless, the person giving the credit must exercise reasonable diligence to prevent imposition. As to what the representations of Fisher were to the respondent, the evidence is conflicting, and it was the province of the jury to draw inferences from the evidentiary facts. The jury found the issue for the plaintiff, and the court overruled the defendant's motion for a new trial. The court will not set aside the verdict, when the evidence is conflicting, unless it is clearly against the weight of the evidence. The court must believe the verdict palpably to be wrong.

We have examined the charge of the court, and find no substantial error in it. We find no error in this record sufficient to authorize a reversal. The judgment of the court below is affirmed.

ANDERSON, J., and BLACKBURN, J., concurred.